UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

KEVIN FRANK HANSON KAY,　　　　　　　　　　Case No. 3:21-cv-00715-AA

　　　　Plaintiff,　　　　　　　　　　　　　　　OPINION AND ORDER

　　v.

JEREMY RUBY; RICHARD GEIST,

　　　　Defendants.
_____

AIKEN, District Judge.

　　Plaintiff, a former adult in custody at the Yamhill County Correctional Facility (YCCF), filed this action pursuant to 42 U.S.C. § 1983 alleging that defendants failed to provide adequate treatment for his serious dental needs. Defendants move for summary judgment on grounds that plaintiff cannot establish deliberate indifference to his health and, alternatively, that defendants are entitled to qualified immunity. Plaintiff did not respond to defendants' motion and fails to present a genuine issue of material fact to defeat summary judgment. Accordingly, defendants' motion is granted.

1　　- ORDER

DISCUSSION

Plaintiff alleges that Capt. Geist and Sgt. Ruby, as "head of corrections" at YCCF, failed to maintain "a working order" at YCCF and ignored or neglected plaintiff's grievances, leading to the lack of adequate treatment for plaintiff's urgent dental needs. Compl. at 3, 12. Defendants move for summary judgment and argue that the undisputed facts reflect that plaintiff received dental treatment on numerous occasions and cannot establish a violation of his constitutional rights. To prevail on their motion for summary judgment, defendants must show there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court must construe the evidence and draw all reasonable inferences in the light most favorable to plaintiff. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).

Defendants argue that plaintiff cannot sustain a § 1983 claim based on their alleged failure to timely respond to plaintiff's grievances or communications. Defendants are correct, as adults in custody do not have a "separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Fairley v. Shelton*, 664 Fed. App'x 616, 617 (9th Cir. 2016) (finding that the district court properly granted summary judgment to a prison official against an inmate's claim alleging that the official improperly denied his grievance).

Next, defendants maintain that no evidence of record suggests that they or any other YCCF staff member deliberately disregarded a known risk to plaintiff's health. I agree.

Plaintiff was incarcerated at YCCF after being convicted of several criminal offenses, and his claim of deliberate indifference arises under the Eighth Amendment prohibition against cruel and unusual punishment. Armstrong Decl. Ex. 1-3; *see Farmer v. Brennan,* 511 U.S. 825,

832 (1994). "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Specifically, plaintiff must show: 1) the existence of "a serious medical need" such that the "failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain"; and 2) "the defendant's response to the need was deliberately indifferent." *Id.* (internal quotation marks and citation omitted).

A prison official acts with deliberate indifference if the official "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation omitted). Deliberate indifference to medical needs may be manifested by denying, delaying, or intentionally interfering with medical treatment or by the manner in which prison physicians provide medical care. *Gamble*, 429 U.S. at 104-05; *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc). In any case, the indifference to the inmate's medical needs must be substantial; inadequate treatment due to negligence, inadvertence, or differences in judgment between an inmate and medical personnel does not rise to the level of a constitutional violation. *Gamble*, 429 U.S. at 105-06; *Toguchi*, 391 F.3d at 1057. Similarly, a delay in providing medical treatment, without more, does not amount to a constitutional violation; the delay must have led to "significant harm" to establish deliberate indifference. *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002).

The undisputed facts of record belie plaintiff's claim of deliberate indifference. For example, in February 2021, YCCF medical staff examined plaintiff for dental pain and provided pain medication and treatment. *See* Eckhardt Decl. Ex. 1 at 1-5. Despite his complaints of pain,

3    - ORDER

plaintiff declined offers of pain medication on numerous occasions between February 8 and 28, 2021. *Id*. at 6-7.

On March 7, 2021, YCCF medical staff placed temporary filings in two of plaintiff's teeth and referred him for an offsite dental appointment. *Id*. at 12-13. Plaintiff continued to receive pain medication, and approximately two weeks later, on March 23, 2021, YCCF staff transported plaintiff to Mountainview Oral Surgery for an examination by an oral surgeon. *Id*. at 16-17, 21, 26-29. The oral surgeon removed one tooth and placed temporary fillings in two others. *Id*. at 28-29.

On March 29, 2021, YCCF medical staff examined plaintiff after he complained of tooth pain and referred plaintiff for additional appointments with offsite dental providers. Eckhardt Decl. Ex. 1 at 36-37.

In April 2021, YCCF medical staff provided additional treatment and medication in response to plaintiff's complaints of dental pain. *Id.* at 41, 50.

In May 2021, YCCF medical staff again referred plaintiff for offsite dental treatment, and on July 1, 2021 plaintiff was temporarily released from custody for an appointment at Smile Keepers in McMinnville, Oregon. *Id.* at 58-62. The appointment was rescheduled due to insurance coverage issues, and on July 2, 2021, plaintiff was examined and treated at Smile Keepers. *Id*. at 63-66. Approximately two weeks later, on July 14, 2021, Smile Keepers provided an update to YCCF medical staff and indicated that plaintiff had "no urgent/emergent needs at this time." *Id*. at 68.

On July 26, 2021, YCCF staff transported plaintiff to Smile Keepers for another appointment after plaintiff complained of an "emergency" dental condition two days earlier.

Eckhardt Decl. Ex. 1 at 67, 69. Plaintiff's dentist took additional x-rays and found no immediate need for treatment and instead recommended that plaintiff schedule a follow-up appointment. *Id.*

From this record, it is abundantly clear that defendants did not deny, delay, or interfere with plaintiff's dental treatment, and no evidence remotely suggests that defendants had reason to believe plaintiff faced a substantial risk to his health and nonetheless disregarded that risk. To the contrary, YCCF staff responded to plaintiff's complaints, provided pain medication and other treatment, referred plaintiff to offsite dental providers, and transported plaintiff to several appointments. The fact that plaintiff's appointments may not have been scheduled to his satisfaction does not support an inference of deliberate indifference, particularly when YCCF staff attempted to schedule appointments in the midst of a pandemic and plaintiff suffered no significant harm. At most, plaintiff complains of negligence, and it is well established that negligence cannot support a § 1983 claim. *Toguchi*, 391 F.3d at 1057.

## CONCLUSION

Defendants' Motion for Summary Judgment (ECF No. 42) is GRANTED, and this action is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this <u>6th</u> day of February, 2023.

/s/Ann Aiken
ANN AIKEN
United States District Judge
